**Mary A. MAXEY, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 88–1004–T.**

United States District Court,
D. Kansas.

May 21, 1992.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc. 28). Plaintiff requests a total fee in the amount of $4,893.75 (65.25 hours × $75.00 per hour). The Secretary has filed an opposition to the application for attorney fees.

Plaintiff first applied for disabled widow's benefits on July 16, 1984. Plaintiff was denied benefits initially and did not seek further review of that denial. Plaintiff filed her second application for widow's benefits on March 1, 1985. This application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing and issued a decision adverse to plaintiff. The Appeals Council of the Social Security Administration denied plaintiff's request for review. Plaintiff then filed a timely appeal in this court. On August 8, 1989, this court reversed the decision of the Secretary and remanded the action for further proceedings. See Doc.

22. On remand to the Secretary, an ALJ issued a decision granting plaintiff all the relief she sought in this action. The Appeals Council of the Social Security Administration agreed not to appeal the decision. The court dismissed this action on December 4, 1991. Plaintiff timely filed her application for attorney fees under the Equal Access to Justice Act.

Under the Equal Access to Justice Act (EAJA),

> a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" is defined as:

> in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

Id. § 2412(d)(2)(D).

■ The determination of whether the government's position was substantially justified lies within the trial court's discretion. See Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The term "substantially justified" means " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." Id. at 565, 108 S.Ct. at 2550. A position is substantially justified, even though incorrect, "if a reasonable person would think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2, 108 S.Ct. at 2550 n. 2.

■ In the court's opinion and order of August 8, 1989, the court found that the

Secretary committed several errors which required remand. The ALJ failed to consider plaintiff's residual functional capacity (RFC), although he acknowledged in his decision that an RFC assessment was necessary. The court finds that the Secretary was not substantially justified in refusing to consider RFC.

In the court's opinion and order of August 8, 1989, the court also found that none of the medical reports in the record supported the ALJ's determination that plaintiff's impairments were not the medical equivalent of a listed impairment. The ALJ found that a physician designated by the Secretary found that plaintiff's condition did not meet or equal a listed impairment. The ALJ did not identify this physician. The court examined the entire record and could not locate such an opinion. The court concluded that none of the medical reports in the record contained the statement upon which the ALJ relied. The court must conclude that the Secretary was not substantially justified with regard to the equivalency determination.

For the reasons set forth above, the court grants plaintiff's application for attorney fees. The total award pursuant to the EAJA is $4,893.75. Of this amount, $262.50 may be retained by counsel for her work on the EAJA application. Counsel shall refund to the plaintiff the smaller of the remaining EAJA fee ($4,631.25) or the Title II contingency fee awarded from the past due benefits. Counsel shall be entitled to keep the greater of these two amounts.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc.28) is hereby granted. Plaintiff's counsel is hereby awarded fees in the amount of $4,893.75.